UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    Tonya M. Jacobs,                        Bankruptcy Case No. 17-21007-PRW
                                                        Chapter 7

    Debtor.
_____

## DECISION AND ORDER
## DENYING MOTION TO DISMISS CHAPTER 7 CASE
## FOR CAUSE UNDER 11 U.S.C. § 707(a)

PAUL R. WARREN, U.S.B.J.

      Tonya Jacobs filed a Chapter 7 petition in September 2017. Three months later, Jean Whittle filed a motion requesting that the court dismiss the petition for cause, under 11 U.S.C. § 707(a). She also filed a complaint, under 11 U.S.C. § 523(a)(6), objecting to the discharge of a debt owed to her by Ms. Jacobs. As Ms. Whittle sees things, the Chapter 7 case was filed in bad faith because it was filed solely to discharge Ms. Jacobs from liability arising out of a serious car crash, caused by Ms. Jacobs' carelessness. Ms. Whittle has not recovered a penny during the nearly 15 years since she suffered severe injuries in the car crash, because Ms. Jacobs had no automobile liability insurance. Ms. Whittle holds a money judgment against Ms. Jacobs for over $700,000. Practically speaking, there are no other creditors with claims in the bankruptcy case.

This appears to be a no-asset case.[1]

The Court is invited by Ms. Whittle, an innocent victim of Ms. Jacobs' selfishness, to dispense some poetic justice in ruling on this motion. But the Court's charge is to do justice under the law enacted by Congress, not under a vaporous sense of cosmic justice. Not every wrong can be righted by a court. And to Ms. Whittle, the rule of law most likely seems enormously unfair. The Court is very sympathetic to Ms. Whittle's situation. But, sympathy cannot carry the day under 11 U.S.C. § 707(a).

The fact that Ms. Jacobs filed her petition solely to obtain discharge of the sizeable debt owed to Ms. Whittle, without more, does not constitute cause sufficient to warrant dismissal of the Chapter 7 petition under § 707(a). Ms. Whittle has failed to carry her burden of proof on the issue of cause. The motion to dismiss is **DENIED**.

---

[1] The Trustee, Raja Sekharan, has not filed a no-asset report. More to the point, the Trustee has done nothing in this case. The docket indicates that the § 341 meeting of creditors was to be held on October 25, 2017. (ECF No. 6). It seems that Ms. Jacobs appeared but the Trustee adjourned the meeting to December 5, 2017. (ECF No. 9). No further docket entries have been made by the Trustee. Who knows what, if anything, happened since October? The Trustee's mysterious disappearance in this case was cause for the Court to run a CM/ECF report on all of Mr. Sekharan's "open" cases. The report indicates that Mr. Sekharan is responsible for 166 cases that remain open, awaiting some action by the Trustee. These cases span the period from 2010 through 2017 (with a couple going back to 1989 and 1993). 11 U.S.C. § 704(a) mandates that the Chapter 7 trustee act expeditiously, in a manner compatible with the best interest of parties in interest. While the term "expeditiously" is not defined, it would be a good guess that, in using that adverb, Congress did not envision the complete lack of activity to fit the bill. This alarming state of affairs caused the Court to enter a "Case Management Order Directing Chapter 7 Trustee to Report and Attend to Cases" in all 166 cases under Mr. Sekharan's trusteeship. (ECF No. 31). Compliance with that Order is required by March 1, 2018.

# I.

# JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

# II.

# ISSUE

Should this Chapter 7 petition be dismissed for cause, under 11 U.S.C. § 707(a), solely because Ms. Jacobs is attempting to discharge her liability to Ms. Whittle—a creditor holding a sizeable judgment arising out of a horrific motor vehicle accident caused by Ms. Jacobs' admitted carelessness, made worse by Ms. Jacobs' failure to have a statutorily mandated automobile liability insurance policy in place at the time of the wreck? On these facts, the answer is no.

# III.

# FACTS

Over 13 years ago, Tonya Jacobs was driving a Ford truck on East Avenue in Brighton, near its intersection with Elmwood Avenue. (ECF No. 14, Ex. A). The area is a busy one, where drivers do well to keep their wits about them. Ms. Jacobs knew that she had no automobile liability insurance, having had her policy cancelled just days earlier. (*Id.*). As she zipped along, Ms. Jacobs and her passenger enjoyed a lively conversation, looking toward each other and laughing. (*Id.*). Unfortunately for Jean Whittle, Ms. Jacobs was distracted to the point

that she never saw the red light at the intersection of East Avenue and Allens Creek Road. (*Id.*). And she never saw Ms. Whittle's Chevy turning left on to East Avenue—legally, with the green light giving Ms. Whittle the right of way. (*Id.*). Ms. Jacobs' vehicle torpedoed Ms. Whittle's car broadside, trapping Ms. Whittle until the Brighton Fire Department could cut her free from the wreckage. (*Id.*). The crash, resulting from Ms. Jacobs' carelessness, was horrific. The injuries to Ms. Whittle were severe, requiring a lengthy hospital stay. (ECF No. 14, Ex. B). Ms. Whittle lost her job because of the extended absence necessitated by her injuries. (*Id.*). Ms. Jacobs walked away with a few scratches and a couple traffic tickets.

Ms. Jacobs defaulted in answering in an action brought by Ms. Whittle in state court. Based on medical records and an affidavit of Ms. Whittle, the state court entered a judgment in favor of Ms. Whittle and against Ms. Jacobs in the amount of $350,000 in January 2006. (*Id.*). The judgment, with accrued interest, now stands at over $700,000. Ms. Jacobs has not paid a penny to Ms. Whittle. According to the petition, Ms. Jacobs owns no real property and no personal property of any value. (ECF No. 1). Ms. Jacobs and her family live in a house in Brighton that was purchased in July 2014—but the deed granted title only to Timothy Jacobs. (Monroe County Clerk, Book 11418 of Deeds, p. 328). Ms. Jacobs is not employed. (ECF No. 1, Sch. I). Other than the claim held by Ms. Whittle, there are almost no other unsecured creditors with claims in the bankruptcy. (ECF No. 1, Sch. E/F). It is not disputed that the bankruptcy petition was filed for the sole purpose of discharging Ms. Jacobs from liability on the judgment held by Ms. Whittle. (ECF No. 29).

# IV.

## DISCUSSION

A Chapter 7 case may be dismissed "for cause," under 11 U.S.C. § 707(a). The statute provides three examples of cause, but that list is not exclusive. *See* 11 U.S.C. § 707(a)(1)-(3). The moving party bears the burden of proof by a preponderance of the evidence. *In re Chovev*, 559 B.R. 339, 343 (Bankr. E.D.N.Y. 2016); *In re Ajunwa*, No. 11-11363 (ALG), 2012 Bankr. LEXIS 4096, at *19 (Bankr. S.D.N.Y. Sept. 4, 2012) (citing numerous cases). The Second Circuit has indicated that "the determination of whether cause exists is 'committed to the sound discretion of the bankruptcy court.'" *Smith v. Geltzer*, 507 F.3d 64, 73 (2d Cir. 2007) (quoting *In re Hull*, 339 B.R. 304, 308 (Bankr. E.D.N.Y. 2006)).

Here, the motion alleges only that Ms. Jacobs drove carelessly, knowing she had no liability insurance, and she made no effort to compensate Ms. Whittle after nearly 15 years. The motion asserts, in conclusory fashion, "the Debtor's bankruptcy filing is abhorrent, and constitutes an abuse of the Bankruptcy Laws." (ECF No. 14, ¶ 8). As Ms. Whittle sees it, Ms. Jacobs' conduct toward her evidences "bad faith"—although the phrase "bad faith" does not appear in the motion. While Ms. Jacobs opposes the motion, the flailing efforts of counsel did little to frame the discussion in a coherent fashion. (*See* ECF Nos. 24, 25, 26, 27, 28, 30).

Courts have long disagreed on whether a good faith requirement should be considered under § 707(a). Many courts have wrestled with the question, is the absence of good faith (a polite way of saying "the presence of bad faith") cause to dismiss a Chapter 7 case under § 707(a)? *See Chovev*, 559 B.R. at 344-47 (chronicling in great detail the competing schools of thought on the question). Here, the Court need not decide whether "bad faith" alone can serve as "cause" for dismissal under § 707(a). The allegations in the motion—Ms. Jacobs drove

5

carelessly and knew that she had no liability insurance (in violation of N.Y. Veh. & Traf. Law § 319(1))—do not rise to the level of the stringent standard for a finding of bad faith under § 707(a). *See Chovev*, 559 B.R. at 345 and *Ajunwa*, 2012 Bankr. LEXIS 4096, at *6 (both describing the standard for a finding of bad faith under § 707(a) to be "stringent"). A finding of bad faith under § 707(a) "is generally utilized only in those egregious cases that entail concealed or misrepresented assets . . . and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt *based on conduct akin to fraud, misconduct, or gross negligence*." *Ajunwa*, 2012 Bankr. LEXIS 4096, at *20-21 (emphasis added) (quoting *In re Zick*, 931 F.2d 1124, 1129 (6th Cir. 1991)).

No such conduct is alleged here. Instead, the motion is based on the notion that the case should be dismissed because Ms. Jacobs was negligent in her operation of a vehicle, knowing that she did not have liability insurance in violation of New York law, leaving Ms. Whittle seriously injured and financially damaged with no assets against which to levy. As a matter of policy, non-compliance with laws passed by the state legislature should not serve as indicia of bad faith. *Cf. Ajunwa*, 2012 Bankr. LEXIS 4096, at *22. "Moreover, courts have frequently held that filing for bankruptcy in order to counter the collection efforts of one creditor without further indicia of bad faith is insufficient for dismissal under § 707(a)." *Id.*

To back-stop against the possibility that her motion might not be granted, Ms. Whittle also timely filed a complaint initiating an adversary proceeding against Ms. Jacobs. (A.P. Case No. 17-2017-PRW). That action seeks a determination that the debt arising out of the car crash is not dischargeable under 11 U.S.C. § 523(a)(6). So, denial of this motion leaves Ms. Whittle with a second bite of the apple—or at least a shot at that second bite. Whether Ms. Whittle can

navigate around the holding of the United States Supreme Court in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998) is an issue for another day.

Assuming, without deciding, that bad faith can serve as a basis for a finding of "cause" under § 707(a), the Court finds that Ms. Whittle has not carried her burden of proof on this issue. Additionally, because Ms. Whittle alleges in her complaint that Ms. Jacobs' wrongful conduct is addressed by 11 U.S.C. § 523(a)(6), that conduct should not also serve as "cause" under § 707(a). *See Chovev*, 559 B.R. at 349 (citing *In re Aiello*, 428 B.R. 296, 303 (Bankr. E.D.N.Y. 2010) ("[s]ection 707(a) should be limited to extreme misconduct falling outside the purview of more specific Bankruptcy Code provisions.")).

V.

CONCLUSION

Ms. Whittle has failed to carry the burden of proof in support of her motion asserting that this Chapter 7 case should be dismissed for cause, under the general scope of 11 U.S.C. § 707(a). Additionally, Ms. Whittle has commenced an action to address Ms. Jacobs' conduct under the more specific Code provision, set out in 11 U.S.C. § 523(a)(6). The reach of 11 U.S.C. § 707(a) is limited to extreme misconduct falling outside the coverage of more specific provisions that Congress has included in the Code. The motion is, in all respects, **DENIED**.

**IT IS SO ORDERED.**


DATED: February 1, 2018  _____/s/_____
    Rochester, New York  HON. PAUL R. WARREN
        United States Bankruptcy Judge