# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

In re:

| | |
|---|---|
| ALL OPEN CHAPTER 7 CASES IN WHICH RAJA N. SEKHARAN IS DESIGNATED AS TRUSTEE. | Chapter 7 Bankruptcy Case Nos. 89-21301; 93-20144; 10-22507; 11-21073; 11-21916; 12-20054; 12-20207; 12-20614; 12-20812; 12-21005; 12-21377; 12-21417; 12-21514; 12-21616; 12-21780; 12-21876; 12-21950; 13-20052; 13-20054; 13-20081; 13-20171; 13-20182; 13-20296; 13-20305; 13-20309; 13-20343; 13-20492; 13-20528; 13-20547; 13-20831; 13-20918; 13-20996; 13-21003; 13-21087; 13-21179; 13-21257; 13-21262; 13-21314; 13-21383; 13-21729; 13-21811; 13-21856; 14-20033; 14-20387; 14-20442; 14-20444; 14-20455; 14-20505; 14-20507; 14-20644; 14-20664; 14-20669; 14-20678; 14-20918; 14-20952; 14-20985; 14-21022; 14-21150; 14-21196; 14-21202; 14-21204; 14-21205; 14-21315; 14-21363; 14-21366; 14-21368; 14-21449; 14-21541; 14-21542; 14-21546; 14-21572; 15-20022; 15-20047; 15-20133; 15-20137; 15-20180; 15-20198; 15-20268; 15-20269; 15-20316; 15-20637; 15-20652; 15-20654; 15-20735; 15-20737; 15-20740; 15-20792; 15-20915; 15-20986; 15-21027; 15-21029; 15-21154; 15-21159; 15-21321; 15-21433; 16-20054; 16-20055; 16-20107; 16-20111; 16-20112; 16-20115; 16-20182; 16-20290; 16-20577; 16-20685; 16-20695; 16-20872; 16-20877; 16-20999; 16-21004; 16-21010; 16-21050; 16-21072; 16-21079; 16-21098; 16-21136; 16-21190; 16-21255; 16-21333; 16-21361; 16-21392; 17-20034; 17-20042; 17-20083; 17-20084; 17-20159; 17-20256; 17-20311; 17-20397; 17-20437; 17-20487; 17-20506; 17-20698; 17-20766; 17-20810; 17-20821; 17-20860; 17-20868; 17-20875; 17-20898; 17-20903; 17-20904; 17-20928; 17-20944; 17-20967; 17-20976; 17-20988; 17-20991; 17-21007; 17-21017; 17-21038; 17-21039; 17-21045; 17-21047; 17-21063; 17-21072; 17-21078; 17-21104; 17-21120; 17-21150; 17-21151; 17-21154; 17-21157; 17-21158; 17-21163; 17-21164 |

**ORDER TO SHOW CAUSE
WHY RAJA N. SEKHARAN, ESQ.
SHOULD NOT BE HELD IN CONTEMPT
FOR FAILING TO COMPLY WITH ORDER OF COURT**

To: Raja N. Sekharan, Esq., individually and as Chapter 7 Trustee

On January 30, 2018, this court entered a "Case Management Order Directing Chapter 7 Trustee to Report and Attend to Cases," which Order was filed in each of the cases listed above. (*See, e.g.*, Case No. 17-21047-PRW, ECF No. 19). The Order, issued under 11 U.S.C. § 105(a) and § 704(a)(1), directed Mr. Sekharan to *"provide the Court with a written Report, with respect to each of the 166 cases under his trusteeship, detailing the status of each case, the precise steps remaining to be taken to complete administration of the estate and closure of the case, the length of time such steps will require, and the reason for the delay in completion of estate administration."* (emphasis added) The Order further directed Mr. Sekharan to immediately file an NDR in any of the 166 cases that are no-asset cases, and to explain the reason for the delay in filing of any such NDR.

On February 23, 2018, Mr. Sekharan inexplicably filed an NDR in 2 "closed" cases that are not among those listed in the Court's Order. (Case No. 17-20659, ECF No. 17 and Case No. 17-20985, ECF No. 44). On March 1, 2018, between 8:05 a.m. and 8:35 a.m., Mr. Sekharan filed an NDR in 7 cases (Case Nos. 17-20928, 17-21047, 17-21063, 17-21072, 17-21078, 17-21104, and 17-21120). Mr. Sekharan also filed notice of the adjournment of the § 341 meeting in Case No. 17-20944; oddly, the adjourned date specified by Mr. Sekharan is December 7, 2017—that date passed 85 days earlier. And, finally, in Case No. 17-20991, Mr. Sekharan filed a notice of assets, without any indication of the type of assets and estimated value.

In total, Mr. Sekharan took *some* action in 11 cases, 2 of which were long-ago closed. Mr. Sekharan failed to provide the Court with a written report as required by the Court's earlier Order. Other than the meager steps detailed above, Mr. Sekharan ignored the Court's Order, despite having actual knowledge of that Order. Not only is Mr. Sekharan's failure to comply an affront to the Court and a breach of his ethical obligations under the Code of Professional Responsibility, it is likely to cause injury to the debtor(s) in each of the cases under his trusteeship, by having their cases remain open without explanation and for periods of time that are excessive under any measurement.

**Mr. Sekharan is, therefore, ORDERED TO SHOW CAUSE on March 9, 2018 at 9:30 a.m., before the Honorable Paul R. Warren, United States Bankruptcy Court, United States Courthouse, Courtroom #5, 100 State Street, Rochester, NY,** why he should not be held in contempt of Court, under the Court's inherent authority to enforce its own Orders as granted by 11 U.S.C. § 105(a) and with respect to duties statutorily imposed on Mr. Sekharan by 11 U.S.C. § 704(a). The Court would request that the United States Trustee attend the hearing to assist the Court in determining an appropriate remedy for Mr. Sekharan's contempt, including (but not limited to): commencement of a proceeding by the Court to remove Mr. Sekharan from these 166 pending cases under 11 U.S.C. § 324(a) and (b); reduction of compensation under 11 U.S.C. §§ 326, 327, and 330; the issuance of a monetary penalty as a sanction; or such greater or lesser penalty as the Court determines is just and proper to punish Mr. Sekharan's contemptuous conduct and his failure to timely discharge his duties under 11 U.S.C. § 704(a).

Notice of this Order to Show Cause is to be provided by the Clerk of Court, electronically through CM/ECF to those email addresses registered by Mr. Sekharan with the Court, which notice will constitute adequate service under Rule 7005 FRBP.

**IT IS SO ORDERED.**

Dated: March 2, 2018
      Rochester, New York

_/s/ Paul R. Warren_
HON. PAUL R. WARREN
United States Bankruptcy Court

3

Case 2-17-21007-PRW, Doc 39, Filed 03/02/18, Entered 03/02/18 15:10:58,
Description: Main Document , Page 3 of 3